Nathaniel Clark Chief of Police 200 East Eighth Avenue Pine Bluff, AR 71601
Dear Chief Clark:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.) (FOIA), concerning the release of certain records that have been requested under the FOIA.
You indicate that the City of Pine Bluff has received a request for "Mayor Dutch King's letter notifying Pine Bluff Aldermen of a complaint against the Pine Bluff Police Chief, any supporting records, and any records the mayor used to develop, formulate, or write this letter." You further indicate that the city has determined that the requested records should be released. You have enclosed copies of the requested records for my review. They are the following:
• A letter dated July 12, 2002 from the mayor to you
 • A letter dated July 10, 2002 from the mayor to the chair of the civil service commission
• A letter dated July 10, 2002 from the mayor to Captain Ivan Whitfield
 • A memorandum date July 8, 2002 from Captain Ivan Whitfield to the mayor, formalizing a grievance against you
 • An excerpt from the Pine Bluff Police Department's Policies and Procedures.
I am directed by law to issue an opinion as to whether the city's determination concerning the release of these records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the city's determination that these records should be released is consistent with the FOIA.
All of these records constitute "personnel records," within the meaning of the FOIA, except the excerpt from the Department's Policies and Procedures (which constitutes a simple public record, and which is therefore not subject to any exemption from disclosure). The term "personnel records" is not defined in the FOIA. This office has taken the position that "personnel records" are all records other then employee evaluation/job performance records" that pertain to the individual employee. See Ops. Att'y Gen. Nos. 2001-154; 99-147, citing Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134. Under the FOIA, personnel records must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. In my opinion, the records under consideration do not contain any information of this nature, and therefore should be released.
I note that the memorandum formalizing the grievance against you does not constitute an employee evaluation/job performance record. (Employee evaluation/job performance records are subject to a different standard of release, under which it is more difficult for the public to obtain access to such records.) This grievance memorandum does not constitute an employee evaluation/job performance record, because it was unsolicited by the city. In order to constitute an employee evaluation/job performance record, a record must be created by or at the behest of the employer and must detail the employee's performance or lack of performance on the job. See Ops. Att'y Gen. Nos. 2002-055; 2001-154; 96-132; 91-324. The memorandum does not meet this description.
I recognize that if the complaints stated in the grievance memorandum are unfounded, the result of holding that it is open to the public may seem unfair. In this regard, however, I note that this result can be tempered by the fact that you are free to publicize exonerating records or information. See Op. Att'y Gen. No. 96-257. Moreover, if this grievance is unfounded, that fact may be apparent from the face of the document itself.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General